UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BOGAN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 91-cr-00551-SI-1<br><br>**ORDER DENYING MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 204 |

Petitioner Gregory Bogan, an inmate in California state prison at Soledad, California, filed this *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Docket No. 204. For the reasons discussed below, the Court DENIES the motion and DENIES a certificate of appealability.

**BACKGROUND**

On September 25, 1991, a federal grand jury returned an indictment with the following charges against petitioner Gregory Bogan: count one for armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d); count two for conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; count three for carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and count four for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Docket No. 6. Along with co-defendants Elvis Robinson and Manuel Robinson, petitioner was alleged to have robbed a credit union on September 9, 1991. *Id*. at 2. The indictment alleged that "[t]he defendants unlawfully took approximately $8,609 in currency, coin, and cashier's checks from the cash drawer of the credit union." *Id*.

On December 16, 1991, petitioner pled guilty to counts one and two, commission of armed

1  robbery and conspiracy to commit armed robbery. Docket Nos. 38, 39. The government
2  dismissed counts three and four. Docket No. 38. Based on a criminal history category of IV and
3  an offense level of twenty-three, Judge Vaughn Walker sentenced petitioner to eighty-seven
4  months' imprisonment, followed by five years of supervised release. Docket Nos. 61, 68. Judge
5  Walker also imposed on petitioner costs of incarceration in the amount of $1,492.00 per month.
6  *Id*. In April 1992, Judge Walker modified the sentence, imposing fines and costs that would total
7  $236,736 as to petitioner Bogan, if petitioner served his full sentence. *United States v. Robinson*,
8  20 F.3d 1030, 1032 (9th Cir. 1994); *United States v. Bogan*, 788 F. Supp. 433, 438 (N.D. Cal.
9  1992). Petitioner and his co-defendants appealed to the Ninth Circuit Court of Appeals, which
10 vacated the sentences and remanded the case for resentencing. *Robinson*, 20 F.3d at 1035.

11 While the appeal was pending, the Sentencing Guidelines changed, to permit an additional
12 one-level reduction in the offense level for acceptance of responsibility, where a defendant "timely
13 notif[ied] authorities of his intention to enter a plea of guilty . . . ." U.S. Sentencing Guidelines
14 Manual § 3E1.1(b)(2) (U.S. Sentencing Comm'n 1992). On January 29, 1993, petitioner filed his
15 first motion under 28 U.S.C. § 2255, seeking a modification to his sentence based on the
16 Guideline change. *See* Docket No. 130.

17 On December 6, 1994, Judge Walker resentenced petitioner to seventy-eight months in
18 prison, followed by five years of supervised release. Docket Nos. 141, 142. Judge Walker found
19 that petitioner's total offense level was twenty-two, based on the one-point credit enhancement for
20 acceptance of responsibility under the intervening change in the Sentencing Guidelines. Docket
21 No. 148, Tr. of Proceedings, Dec. 6, 1994, at 18:15-20:5, 32:13-24, 34:4-35:4. Petitioner's
22 criminal history category remained at IV. *See* Docket Nos. 68, 142. Through the new sentence,
23 Judge Walker granted petitioner's first Section 2255 motion. Docket No. 156.

24 On April 30, 1997, less than three months before his projected good conduct time release
25 date, petitioner committed a new offense. Docket No. 157. According to the Federal Bureau of
26 Prisons, petitioner left his federal halfway house on a work pass and robbed a credit union with a

weapon.[1] *Id*. This incident resulted in new charges in state court. In June 1997, petitioner was sentenced in Alameda County Superior Court to a term of twenty-five years in prison. Docket No. 204, Motion, 10; Docket No. 210, Opposition, 3; Docket No. 181, Ex. 4, Tr. of Proceedings, June 11, 1999, June 25, 1999, at 5:8-6:6, 13:21-26. Petitioner has not re-entered federal custody since. Docket No. 210-1, Shih Decl. ¶ 3. The United States Marshals Service issued a detainer on July 20, 1999. Docket No. 211, Reply, 13. The detainer stated that petitioner was "subject to the custody of the U.S. Attorney General to serve the following sentence of imprisonment: 78 MOS" and asked that the Marshals be notified prior to petitioner's release from state custody. *Id*.

Petitioner filed a second motion pursuant to 28 U.S.C. § 2255 on June 27, 2001. *See* Docket No. 181. He asserted that his guilty plea was "unlawfully induced" and requested a transfer from state to federal custody. *Id*. at 5. Judge Walker denied the petition without prejudice for failure to obtain the required certification from the Ninth Circuit. Docket No. 199.

On June 30, 2015, petitioner sought permission from the Ninth Circuit to file a second or successive motion under Section 2255. Application for Permission to File a Second or Successive Habeas Corpus Petition, *Bogan v. United States*, No. 15-71992 (9th Cir. June 30, 2015). He based his motion on the recent enactment of California's Proposition 47. *Id*. On September 28, 2015, petitioner filed the present motion under Section 2255 in this Court on the same grounds. Docket No. 204. This case was reassigned to the undersigned judge on October 1, 2015. Docket No. 203. On January 25, 2016, the Ninth Circuit found that it did not need to issue authorization for petitioner to file a second or successive 2255 motion, thereby allowing this motion to proceed before this Court. Order, *Bogan v. United States*, No. 15-71992 (9th Cir. Jan. 25, 2016).

Petitioner seeks to vacate, set aside, or correct his sentence, alleging that he is entitled to a reduction of his sentence in light of the passage of Proposition 47, which changed one of his prior state crimes from a felony to a misdemeanor. Motion at 5. The government opposes, arguing that petitioner's Section 2255 claim is not cognizable because it raises a nonconstitutional sentencing

---

[1] Petitioner takes issue with the government's characterization that he "escaped" from the halfway house. Rather, he says, "the defendant Bogan signed out for work that day at 6:00am and while on a work pass he committed another bank robbery . . . ." Reply at 2. This distinction does not impact the Court's ruling today.

3

1  error that was not raised on direct appeal and arguing that Proposition 47 does not change
2  petitioner's criminal history category. Opposition at 5-6.

## LEGAL STANDARD

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). If the court finds that relief is warranted under § 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

"An inmate filing a claim for federal habeas relief under 28 U.S.C. § 2255 is entitled to an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting 28 U.S.C. § 2255(b)). The Ninth Circuit has characterized this standard as "requiring an evidentiary hearing where the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Id.* at 1116 (internal quotation marks and citation omitted).

## DISCUSSION

As a threshold matter, the Court has jurisdiction to hear petitioner's claim under Section 2255 while the petitioner is in state custody. *See, e.g., Harrison v. Ollison*, 519 F.3d 952, 955 n.2 (9th Cir. 2008) (finding that a defendant in state prison, with a "pending sentence of federal

4

1    parole, . . . is 'in custody' for purposes of the federal habeas provisions, § 2241(c) and § 2255").

2    At the time of his sentencing, petitioner had a prior criminal history, which included a
3    violation of California Health and Safety Code section 11350(a), possession of a controlled
4    substance. 3/4/92 Presentence Report ¶ 36; Motion at 4.[2] That offense led to a sentence of three
5    years' probation. His probation was then revoked and petitioner was committed to sixteen months
6    in state prison. Presentence Report ¶ 36; Docket No. 105, Tr. of Proceedings, Mar. 13, 1992, at
7    15:14-16:5. At the sentencing hearing before Judge Walker, counsel for petitioner stated, "Had he
8    not been sentenced to that 16 months in prison, he would not have received the three points that he
9    did under the criminal history category, which would have put him in a lower criminal history
10   category." Tr. of Proceedings, Mar. 13, 1992, 16:2-5.

11   On March 24, 2015, under California's Proposition 47, petitioner obtained a reduction in
12   his possession of a controlled substance offense from a felony to a misdemeanor. *See* Cal. Penal
13   Code § 1170.18(f)-(g); Motion at 14-16. Petitioner now argues that because of this reduction, his
14   criminal history category has fallen from IV to III. Motion at 4. This is not so.

15   Proposition 47, as codified in part at California Penal Code section 1170.18, provides
16   distinct avenues of relief for persons who are currently serving time on the offense as contrasted
17   with those whose sentences are completed. "A person <u>currently serving a sentence</u> for a
18   conviction . . . who would have been guilty of a misdemeanor . . . had this act been in effect at the
19   time of the offense may petition for a recall of sentence before the trial court that entered the
20   judgment of conviction in his or her case to request resentencing . . . ." Cal. Penal Code
21   § 1170.18(a) (emphasis added). By contrast, "[a] person <u>who has completed his or her sentence</u>
22   for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under
23   this act had this act been in effect at the time of the offense, may file an application before the trial
24   court that entered the judgment of conviction in his or her case to have the felony conviction or

---

[2] Judge Walker later ruled that the January 26, 1995 modifications to the presentence report superseded any previously submitted presentence report. The amended report changed only paragraph 15, reflecting that the firearm possessed by defendant was an antique, and contained no change to petitioner's criminal history category or offense level. *See* Docket Nos. 153, 154; Letter from Houston Antwine, U.S. Probation Officer, to Hon. Vaughn Walker, U.S. District Court (Jan. 26, 1995).

convictions designated as misdemeanors." *Id*. § 1170.18(f) (emphasis added).

Under the federal Sentencing Guidelines, a defendant's criminal history category is calculated utilizing the <u>length</u> of any prior sentence of imprisonment. As the government notes in its opposition, this was true at the time of petitioner's original sentencing in 1992, at his resentencing in 1994, and today. *See* Opposition at 6 (citing U.S. Sentencing Guidelines Manual §§ 4A1.1, 4A1.2). The Sentencing Guidelines do not rely on state law definitions of a felony or misdemeanor. Instead, the Guidelines employ their own definition of felony for the purposes of calculating the criminal history category: "a 'felony offense' means any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed." *See* U.S. Sentencing Guidelines Manual § 4A1.2(o) (U.S. Sentencing Comm'n 2016).

Petitioner received a sentence of sixteen months in prison for his probation violation on the controlled substance offense. Presentence Report ¶ 36. He completed that sentence. *Id*. ¶ 40; Motion at 15. Although California has now determined that his controlled substance offense was a misdemeanor, Proposition 47 does not permit him to obtain a resentencing once his sentence is complete. *See* Cal. Penal Code § 1170.18; Motion at 14-16. The re-designation of his offense to a misdemeanor therefore has no impact on petitioner's criminal history category under the federal Sentencing Guidelines. Those Guidelines turn on the length of the sentence imposed, not on whether state law designates a crime as a felony or misdemeanor. *See* U.S. Sentencing Guidelines Manual §§ 4A1.1, 4A1.2 (U.S. Sentencing Comm'n 2016); *see also United States v. Bakhchadjian*, No. 15-cv-3505-DDP, 2015 WL 6697231, at *2 (C.D. Cal. Nov. 3, 2015) (finding that Proposition 47 did not change a petitioner's federal sentence, where the petitioner sought a misdemeanor re-designation on a sixteen-month state court sentence that he had already served); *cf. United States v. Green,* 152 F.3d 1202, 1208 (9th Cir.1998) ("[A] state's definition of a crime is not controlling in the context of the sentencing guidelines."). Petitioner's motion under Section 2255 is therefore DENIED.[3]

---

[3] In so ruling, the Court does not rely on the government's citation to *United States v. Schlesinger*, 49 F.3d 483 (9th Cir. 1994). *See* Opposition at 5. In that case, the Ninth Circuit

In his reply brief, petitioner also raises the issue of the detainer, arguing that the detainer is inaccurate and asking the Court "to submit an accurate detainer or remove it and run the remainder of his federal conviction concurrent with the remainder of his 25 year State conviction." Reply at 2. Normally, the Court will not consider arguments raised for the first time in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Even so, the Court finds that petitioner's request lacks merit. "A detainer is simply a document notifying one state . . . that another state . . . wants to prosecute a prisoner that the sending state is holding." *Burrus v. Turnbo*, 743 F.2d 693, 696 (9th Cir. 1984), *vacated on other grounds*, 474 U.S. 1016 (1985). In this case, the detainer is simply a notice to the state of California asking that the U.S. Marshals Service be notified before petitioner is released from state custody. The detainer accurately states that petitioner was sentenced to seventy-eight months in federal prison. *See* Reply at 13. This does not mean that petitioner will be expected to re-serve the full seventy-eight months upon his return to federal custody.

The Court also declines to order that the remainder of petitioner's sentence run concurrent with his state sentence. Federal courts may make such orders at the time of sentencing. *See* U.S. Sentencing Guidelines Manual § 5G1.3 (U.S. Sentencing Comm'n 2016). Petitioner was sentenced by Judge Walker over 20 years ago, and petitioner has not succeeded on his underlying motion to vacate, set aside, or correct that sentence under 28 U.S.C. § 2255. Hence, this Court will not re-sentence petitioner; and the Court declines independently to visit the question of whether his federal sentence should run concurrent with his state sentence. The request is DENIED.

Petitioner is not entitled to an evidentiary hearing because he has not "made specific factual allegations that, if true, state a claim on which relief could be granted." *See Leonti*, 326

---

affirmed the denial of a Section 2255 motion, where "there [was] absolutely no reason why Schlesinger should not have known of, and been able to appeal, the alleged 'errors' immediately." *Schlesinger*, 49 F.3d at 486. The appeals court acknowledged, "we cannot rule out the possibility that certain errors are remediable by way of § 2255 because they were not discoverable in time for direct appeal." *Id*. Here, petitioner Bogan could not have challenged his sentence on direct appeal, as Proposition 47 did not become the law until the California voters enacted it in November 2014.

F.3d at 1116. A certificate of appealability will not issue, as this is not a case in which reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong.

## CONCLUSION

Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. A certificate of appealability is also DENIED.

**IT IS SO ORDERED**.

Dated: March 14, 2016

_____
SUSAN ILLSTON
United States District Judge